# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

1. JUDITH GATTIS, )
 )
        Plaintiff, )
 )
v. ) Case No. CIV-15- 287-R
 )
1. HCA HEALTH SERVICES OF OK., INC. ) JURY TRIAL DEMANDED
    d/b/a OU MEDICAL CENTER., ) ATTORNEY LIEN CLAIMED
 )
        Defendant. )

## COMPLAINT

**COMES NOW THE PLAINTIFF** and hereby pleads her claims as follows:

## PARTIES

1. The Plaintiff is Judith Gattis, an adult resident of Cleveland County, Oklahoma.

2. The Defendant is HCA Health Services Ok, Inc., d/b/a OU Medical Center., a corporation doing business in Oklahoma County, Oklahoma.

## JURISDICTION AND VENUE

3. Plaintiff's causes of action are for disability discrimination, including failure to accommodate and retaliatory termination and failure to re-hire after Plaintiff requested accommodations and complained of discrimination, in violation of the Americans with Disabilities Act (ADA) and the Oklahoma Anti-Discrimination Act (OADA). Jurisdiction over the federal claims is provided under 29 U.S.C. § 216, 42 U.S.C. § 12117(a), 29 U.S.C. § 626(c) and 28 U.S.C. § 1331.

4. The state law claims arise out of the same core set of facts and jurisdiction is vested over those claims by 28 U.S.C. § 1367(c). All of the actions complained of occurred in Oklahoma County, Oklahoma and the Defendant may be served in that county. Oklahoma County is within the United States District Court for the Western District of Oklahoma, wherefore venue is proper in this Court under 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

5. Defendant employed more than fifteen (15) employees during at least twenty (20)

weeks of each of the current and proceeding calendar years and is a covered employer under the ADA. There is no minimum employee requirement to be subject to the OADA.

6. Plaintiff worked for the Defendant on several occasions, most recently beginning around September 2005 when she worked as a Registered Nurse (RN).

7. Plaintiff was qualified for her job and performed her job duties satisfactorily.

8. Plaintiff suffers from arthritis, soft tissue injuries to her left knee and ankle, and other impairments which, without regard to the ameliorative effects of mitigating measures, substantially limit one or more major life activities, including (but not limited to):

   A. Plaintiff would be unable or nearly unable to walk;

   B. Plaintiff would be unable to sleep more than about an hour at a time.

   C. Plaintiff would be substantially impaired in her bodily functions including her musculoskeletal functions.

9. As a result of the limitations set out in Para. 9, above, Plaintiff suffers from a disability as defined by the Americans with Disabilities Act in that he suffers from a condition which materially impairs a major life activity as defined by 42 U.S.C. § 12102(1)(A), (2)(B) and/or is regarded as having such impairment as defined by 42 U.S.C. § 12102(1)(C), (3).

10. At the least the Defendant perceived Plaintiff as being disabled as they refused to allow Plaintiff to return to work unless she could return without any medical or physical restrictions.

11. Plaintiff suffered an on-the-job injury to her left foot and ankle area around November 8, 2011.

12. Around June 2012 Plaintiff injured her left knee in a separate on-the-job injury.

13. Around June 12, 2013, Plaintiff took off work to undergo reconstructive surgery to her left ankle and foot area.

14. Plaintiff was temporarily totally disabled from around June 12, 2013 until around

November 25, 2013.

15. Around November 25, 2013 Plaintiff was released to return to work with restrictions of primarily sedentary work.

16. Defendant was able to accommodate the Defendant's medical restrictions including by placing Plaintiff at the front desk where Plaintiff was qualified to work. There were several positions Plaintiff was qualified to be placed in and which were available, including a scheduling position and working at the front desk of the operating room. Additionally, Plaintiff requested a transfer to the following open positions: Surgery Scheduler; Clinical Documentation Specialist; Clinic Nurse Manager; Patient Services Coordinator; Research Project Coordinator; Patient Navigator; and several Registered Nurse positions open at the time. Plaintiff could have performed in each of these job positions with her restrictions.

17. Additionally, Plaintiff offered to work in the Instrument Room assembling instrument sets, which was a primarily sedentary position. Defendant also refused this accommodation.

18. Plaintiff was told by Susan Hollingsworth (Director of Surgical Services), Annette Rayburn (Manager) and Heather Davidson (HR) that she could not return to work unless she had a full medical release without restrictions.

19. In response, Plaintiff told Annette Rayburn that she was being discriminated against because of her disability.

20. Defendant terminated the Plaintiff around December 24, 2013 because Plaintiff was not released without restrictions.

21. Between December 2013 and February, 2014 Plaintiff applied for job positions including Clinical Documentation Specialist, Charge Audit Nurse, Clinical Nurse Research I, and Operating Room Surgery Scheduler.

22. Plaintiff was qualified for all positions requested and for which she applied and she was able to perform all essential functions of these positions.

23. Plaintiff was denied the job positions set out in Para. 21, above.

24. At the least, motivating factors in the decision to terminate and failure to re-hire the Plaintiff including her disability (actual or perceived), request for accommodations, and/or her complaints of disability discrimination.

25. Refusal to allow Plaintiff to return without a full release is a per se violation of the ADAAA.

26. Defendant's failure to provide Plaintiff with an available reasonable accommodation is a per se violation of the ADAAA.

27. As a result of the Defendant's conduct, the Plaintiff has suffered, and continues to suffer, lost wages (including back, present and front pay along with the value of benefits associated with such wages), and emotional distress/dignitary harm including worry, frustration, anxiety and similar unpleasant emotions.

28. Plaintiff has exhausted her administrative remedies by timely filing an EEOC charge of discrimination on August 8, 2015 and amending the claim to include the failure to re-hire claims on August 26, 2015. The EEOC has investigated Plaintiff's claims for at least one hundred eighty days. Plaintiff requested her right to sue letter around March 16, 2015.

29. Discrimination on the basis of a disability or perceived disability, and retaliation for Plaintiffs' requests for accommodation is contrary to the ADA, and the OADA.

30. Plaintiff is entitled to compensation for her lost earnings, past, present, and future (and for the value of the benefits associated with such earnings), dignitary harm damages, and attorney fees and costs, and an additional award of liquidated damages under the state claim.

31 Because the actions of the Defendant were willful as defined by the ADA, Plaintiff is entitled to punitive damages under the ADA.

**WHEREFORE**, Plaintiff prays that she be granted judgment in her favor and against the Defendants on all of her claims and that this Court grant all available compensatory damages, punitive damages, costs, attorney's fees and any other legal or equitable relief allowed by law.

**RESPECTFULLY SUBMITTED THIS 20th DAY OF MARCH, 2015.**

HAMMONS, GOWENS, HURST
& ASSOCIATES

s/ Amber L. Hurst
Mark Hammons, OBA No. 3784
Amber L. Hurst, OBA No. 21231
325 Dean A. McGee Avenue
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-6100
Facsimile: (405) 235-6111
Email: amberh@hammonslaw.com
Jury Trial Demanded
Attorney Lien Claimed
*Counsel for Plaintiff*